PER CURIAM.
F.O.L. petitions this Court for review of the recommendation of the Florida Board of Bar Examiners that his application for admission to The Florida Bar be denied. We have jurisdiction under article V, section 15 of the Florida Constitution.
F.O.L. graduated from law school in May 1990. He applied for admission to the bar in February 1990 and passed Part A of the Florida Bar Examination in July 1991 and Part B in July 1992. During the course of the usual background investigation, certain information came to the Board’s attention reflecting adversely on F.O.L.’s fitness. After an investigative hearing, the Board prepared specifications.
The Board’s proven specifications involved arrest incidents occurring in 1986 and 1991. The Board found that F.O.L.’s written explanation of the arrests in his sworn bar application and F.O.L.’s testimony at his investigative hearing and formal hearing regarding the circumstances surrounding the arrests were false, misleading, or lacking in candor.
In 1986, F.O.L. was arrested for disorderly conduct as a result of a traffic stop. The Board found that F.O.L.’s account of the arrest was misleading or lacking in candor in that he failed to reveal that he had been traveling at a high rate of speed and changing lanes in a manner that caused other vehicles to slow or stop. F.O.L.’s account also failed to reveal that after exiting his vehicle, F.O.L. yelled and screamed and shouted obscenities at the officers.
In 1991, F.O.L. was arrested for DUI and possession of marijuana as a result of a traffic stop. The Board found that F.O.L.’s account of the arrest was misleading or lacking in candor in that he failed to reveal that his vehicle was weaving, he smelled of alcohol upon exiting his vehicle, he was yelling and screaming at the scene of the arrest and that he failed to satisfactorily perform the roadside sobriety test. F.O.L.’s account further failed to reveal that he was offered the opportunity to perform the field sobriety test on video but refused, that the officer discovered marijuana in his clothes pocket, and that he made threats against the officer stating the officer was a “deadman.”
In a separate specification, the Board found that F.O.L. has exhibited a pattern of illegal, irresponsible, or improper conduct as established by his two arrests. The Board found that when F.O.L. was arrested in 1986 for disorderly conduct and reckless driving he was in fact conducting himself in a disorderly manner in violation of section 877.03, Florida Statutes (1985). The Board also found that when F.O.L. was arrested in 1991 for DUI and possession of marijuana, he was in fact operating a motor vehicle with a breath alcohol level of 0.10 or higher in violation of section 316.193, Florida Statutes (1991), and was in possession of marijuana. In another separate specification the Board further found that F.O.L.’s conduct during his 1986 and 1991 arrests, where he failed to cooperate with the officers, screamed at the officers, and told one of them that he was a “deadman,” exhibited a lack of respect for law enforcement and/or the legal system.
We conclude that the Board’s findings are supported by competent and substantial evidence and that these findings are sufficient to justify nonadmission to the Bar. F.O.L. presented witnesses who testified to his good character, truthfulness, and respect for authority. F.O.L. also submitted character affidavits regarding his good moral character, truthfulness, and respect for authority from college professors, a law professor, a member of the Florida House of Representatives, and members of The Florida Bar. However, we agree with the Board that this evidence is insufficient to overcome the seriousness of F.O.L.’s lack of candor, his pattern of illegal conduct and his lack of respect for law enforcement and the legal system, especially in light of the fact that the 1991 arrest occurred after he had already graduated from law school. We therefore approve the Board’s findings and recommendation and deny F.O.L.’s petition for admission to The Florida Bar. Because the evidence presented by F.O.L.’s character witnesses and affidavits indicate that F.O.L. is making an earnest effort towards rehabilitation, we direct that *187 he may reapply for admission after one year from the Board’s adverse finding.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ, concur.
KOGAN, J., concurs in result only.